Requestor: Richard A. Frye, Town Attorney Town of Webb 258 Genesee Street Utica, New York 13502
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as a member of a town planning board and as a town justice.
In the absence of a constitutional or statutory prohibition against dual-officeholding one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town planning board has responsibility for the development of the master plan which forms the basis for development in a town (Town Law, § 272-a); if authorized by the town board, advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a); and subdivision plans (id., § 276).
A town court has no jurisdiction to review decisions of the planning board. Planning board decisions are reviewed under article 78 of the Civil Practice Law and Rules in Supreme Court. Thus, the duties of these two positions are independent of one another.
We conclude that the positions of town justice and member of the town planning board are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.